UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PAULA L. DEXTER,                )
                                )
    Plaintiff                   )
                                )
v.                              )   No. 2:11-cv-213-GZS
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
    Defendant                   )

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge should have found that her impairment meets or equals the criteria of Listing 12.05(C). I recommend that the court vacate the commissioner's decision and remand the matter for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease and borderline intellectual functioning, impairments that were severe but which did not meet or medically equal the criteria of any impairment or combination of impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 12, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Record at 10; that she had the residual functional capacity ("RFC") to perform medium work, to stand or sit for about 6 hours in an 8-hour workday, limited to occasional climbing of ladders, ropes, and scaffolds or crawling, without constant pushing or pulling with her left upper extremity, occasional fingering with her left hand due to sensory deficits, limited to simple work that would not require extensive public interaction, and avoiding work that involves even moderate exposure to extreme heat, extreme cold, or vibrations, Finding 5, *id.* at 11; that she was unable to perform any past relevant work, Finding 6, *id.* at 16; that, given her age (39 at the alleged date of onset, a younger individual), limited education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id.*; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, March 15, 2008, through the date of the decision, January 19, 2011, Finding 11, *id.* at 17-18. The Decision Review Board selected the decision for review but failed to act within 90 days, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.450(A)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the administrative law judge committed a fatal error by failing to consider whether her impairment met the requirements of Listing 12.05, as argued by her attorney in a letter, Record at 248-50, submitted the day after the hearing on her claim. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 10) at 6. The administrative law judge's opinion discusses his reasons for concluding that the plaintiff's impairments did not meet or equal the requirements of Listings 1.04 and 12.02, Record at 10-11, but does not mention Listing 12.05.

Listing 12.05, mental retardation, provides, in relevant part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> * * *
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
> OR
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or

> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration.

Appendix 1 to 20 C.F.R. Part 404, Subpart P, § 12.05.

The plaintiff's presentation appears to confuse the need to demonstrate deficits in adaptive functioning before age 22, which need not be "significant," *Richardson v. Social Sec. Admin. Comm'r*, No. 1:10-cv-00313-JAW, 2011 WL 3273140, at *8 (D. Me. July 29, 2011), a prerequisite to all subdivisions of the Listing, with the requirement that, to meet subdivision C, she must also demonstrate another impairment that does impose a significant, work-related limitation of function. Of the "adaptive functioning deficits" that the plaintiff lists, only "her need for special education in school," Itemized Statement at 8, appears to address the general requirement of deficits in adaptive functioning manifested before age 22.

The administrative law judge adequately stated his reasons for concluding that the plaintiff did not meet the requirements of subsection D of the Listing, albeit for a different purpose. Record at 11. For purposes of subsection C, there is certainly evidence of valid IQ scores between 60 and 70. *Id*. at 473.[2] Thus, the remaining questions are whether she has demonstrated deficits in adaptive functioning before the age of 22 and whether she suffers from an additional impairment that imposes additional and significant work-related limitation of function.

---

[2] At oral argument, counsel for the commissioner contended that there were no valid IQ scores in the record because Dr. Kolosowski noted that the plaintiff "did not present with consistent effort" during the IQ testing, but the administrative law judge mentions no such conclusion in his opinion. *Id*. at 330-47. The state-agency psychologist upon whose report the administrative law judge relied, Record at 10-11, did not reject Dr. Kolosowski's IQ scores for this or any other reason. The court should be reluctant to provide an alternative medical conclusion, as distinguished from medical evidence, to support an administrative law judge's Step 3 finding when neither the administrative law judge nor the expert upon whose opinion he relies so much as mentions such an alternative conclusion.

The administrative law judge's finding that the plaintiff suffered from the severe impairment of degenerative disc disease, which limited her to work at the medium exertional level, with no constant pushing or pulling with her left upper extremity, only occasional climbing of ladders, ropes, and scaffolds, occasional crawling, occasional fingering with her left hand, and no work that involved even moderate exposure to extreme heat or cold or vibrations, *id*. at 11, appears to meet the subsection C requirement of an additional impairment (degenerative disc disease) that imposes additional and significant work-related limitation of function.

The facts that the plaintiff needed special education in school, and only completed ninth grade, do not compel a finding that she demonstrated the requisite adaptive functioning deficits before age 22. *Libby v. Astrue*, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *12 (D. Me. July 19, 2011).

> In recognition of the fact that an administrative record will not always allow for meaningful assessment of a claimant's adaptive functioning in childhood (other than through the claimant's testimony), courts have generally allowed administrative law judges to draw inferences about childhood functioning based on evidence related to functioning in adulthood. This is to be expected, as the inquiry seeks evidence of *existing* deficits in adaptive functioning, albeit existing deficits that manifested prior to age 22.

*Richardson*, 2011 WL 3273140, at *7 (citations omitted; emphasis in original).

Here, the plaintiff's attorney did not ask her to testify about adaptive functioning deficits during childhood and has not identified in the itemized statements which current deficits in adaptive functioning would allow the drawing of inferences about childhood functioning. At oral argument, he was still unable to identify such post-age-22 deficits.[3] The letter to the administrative law judge from the attorney who represented the plaintiff at the time does not

---

[3] The plaintiff's testimony and her attorney's post-hearing letter to the administrative law judge both include some difficulties that *may* have occurred before the age of 22, including an inability to obtain a GED or a driver's license, but nothing in the record indicates *when* these failures occurred.

5

refer to the need to demonstrate deficits in adaptive functioning before age 22. Record at 248-50.

It is certainly possible, as the commissioner's attorney observed at oral argument, that the administrative law judge's discussion of the plaintiff's activities of daily living, *id*. at 12, could provide the basis for a finding that any inferences to be drawn about childhood functioning would not support a finding that the Listing was met. However, the crucial point here is that the administrative law judge did not say that; he did not mention Listing 12.05 at all. Listing 12.02, which he did consider, has no similar requirement.

While the question is a close one, I conclude that the plaintiff is entitled to remand for consideration only of the question of whether her impairments meet Listing 12.05(C). None of the case law cited by counsel for the commissioner at oral argument causes me to change this conclusion. In *Harris v. Commissioner of Soc. Sec.*, 330 Fed. Appx. 813, 815, 2009 WL 1426754, at **2 (11th Cir. May 22, 2009), the administrative law judge had found that the plaintiff "did not have the necessary deficits in adaptive functioning to meet Listing 12.05(C)." In *Libby v. Astrue,* No. 2:10-cv-292-JAW, 2011 WL 2940738, at *5-*6 (D. Me. July 19, 2011), the administrative law judge specifically addressed Listing 12.05. In *Arce v. Barnhart*, 185 Fed.Appx. 437, 438-39, 2006 WL 1765899, at **1 (5th Cir. June 22, 2006), the administrative law judge had considered evidence that the plaintiff did not have deficits in adaptive functioning. The same was true in *Novy v. Astrue*, 497 F.3d 708, 710 (7th Cir. 2007), and *Foster v. Halter*, 279 F.3d 348, 354-55 (6th Cir. 2001).

Similarly, in *Hodgson v. Astrue*, Civil Action No. 4:07-CV-529-Y, 2008 WL 4277168, at *5 (N.D. Tex. July 30, 2008), the administrative law judge had considered the plaintiff's argument that her condition met Listing 12.0.5(C). In *Carter v. Commissioner of Soc. Sec.*, No.

06-CV-186C(F), 2008 WL 1995122, at *4 (W.D. N.Y. May 6, 2008), the plaintiff's representative mentioned Listing 12.05(C) for the first time in a memorandum to the Appeals Council. In *Alcorn v. Astrue*, Civil Action No. 5:07-212-DCR, 2008 WL 1790192, at *3-*6, it is not clear when the issue of the Listing was raised, although it is clear that the administrative law judge "failed to explicitly address Listing 12.05C in his decision[.]" *Id*. at *5. The court found in that case that the administrative law judge had sufficiently discussed the elements of the Listing in his opinion to allow a reviewing court to conclude that the evidence submitted by the plaintiff would not support a finding that the Listing had been met. These distinctions are all sufficient to deprive any of this case law of persuasive authority.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the matter remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge