UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PAULA L. DEXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-213-GZS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM DECISION ON DEFENDANT'S MOTION TO AMEND RECOMMENDED DECISION

The defendant moves to amend my recommended decision in this Social Security benefits appeal, contending that the recommended decision "contains a material misstatement of fact." Defendant's Motion to Amend ("Motion") (Docket No. 17). The motion, if granted, would reverse my recommended decision by eliminating its factual predicate. The plaintiff has not responded to the motion. For the reasons that follow, I deny the motion.

The defendant challenges the following two sentences in footnote 2 of the recommended decision:

> The state-agency psychologist upon whose report the administrative law judge relied, Record at 10-11, did not reject Dr. Kolosowski's IQ scores for this or any other reason. The court should be reluctant to provide an alternative medical conclusion, as distinguished from medical evidence, to support an administrative law judge's Step 3 finding when neither the administrative law judge nor the expert upon whose opinion he relies so much as mentions such an alternative conclusion.

Report and Recommended Decision (Docket No. 16) at 4 n.2.

The defendant contends that the state-agency psychologist, David Houston, Ph.D., did in fact reject Patricia Kolosowski, Ph.D.'s IQ scores. Motion at 1. This argument is based on the following entry in Dr. Houston's report of his review of the plaintiff's medical records:

> 8/3/09 Kolosowski PhD: Ox3, denies SI/HI, no difficulties with panic attacks or anxiety, polite, cooperative, articulate and able to express herself in a goal directed fashion.
>
> WAIS-III: VIQ 66, PIQ 69, FSIQ 65 at times needed encouragement to respond, often would not guess or might say "not sure"[,] needed to be encouraged several times to actually respond[.] Did not present with consistent effort on some of the subtests. She was cooperative and did make some attempts[,] for the most part understood directions as presented to her. Had some difficulties with success on [the] block design, however.
>
> * * *
>
> Dx: no dx, R/o mental retardation[.][1]

Record at 342.

All of the entry set forth above is merely repeated from Dr. Kolosowski's report. *Id*. at 471-74. It cannot reasonably be read as a statement of Dr. Houston's opinion that the plaintiff's IQ scores as found by Dr. Kolosowski were invalid. Indeed, Dr. Kolosowski added to the "rule out mental retardation" entry the words "additional testing or information might be needed." *Id*. at 474. Thus, she did not diagnose mental retardation, but she also did not rule it out finally. This medical information does not compel the conclusion that the Kolosowski IQ scores are "invalid," nor does it demonstrate that Dr. Houston "rejected" those IQ scores.

The defendant asserts that Dr. Houston "declined to check the box on his report indicating a 'valid' IQ score of 60 through 70 that would implicate Listing 12.05C (R. 334)." Motion at 2. That characterization reads too much into the fact that Dr. Houston made no marks whatsoever on the page of the defendant's standard Psychiatric Review Technique form that

---

[1] "Dx" means "diagnosis." *Bond v. Social Sec. Admin. Com'r*, No. 1:11-cv-00054-JAW, 2012 WL 313727, at *4 (D. Me. Jan. 30, 2012). "R/o" means "rule out." *Morales Mulero v. Secretary of Health & Human Servs.*, 915 F.2d 1557 (table), 1990 WL 152362, at *2 (1st Cir. Sept. 19, 1990).

2

deals with mental retardation. Record at 334. The most likely reason for Dr. Houston's failure to write (or check) anything on that page is that Dr. Kolosowski indicated that she could not determine whether the plaintiff suffered from mental retardation, so Dr. Houston felt that he also was without sufficient information to draw that conclusion.

The defendant also points, Motion at 1, to Dr. Houston's statement that the "Claimant's test results are underestimates due to inconsistent effort. CE [Dr. Kolosowski] reported that her abilities are higher than the test results. Borderline intellectual functioning present." Record at 346. Again, this is a recitation of Dr. Kolosowski's findings, not necessarily a rejection of the IQ scores achieved by the plaintiff. If Dr. Houston rejected those scores as invalid, he did not say so, nor did he provide any statement that necessarily implies such a rejection. The defendant does not even suggest that the administrative law judge did so.[2]

The Seventh Circuit addressed a similar situation in *Ribaudo v. Barnhart*, 458 F.3d 580 (7th Cir. 2006), and stated as follows, in relevant part:

> [T]his court has also held that an ALJ should mention the specific listings he is considering and his failure to do so, if combined with a perfunctory analysis, may require a remand.
>
> We agree with Ribaudo that the ALJ did not provide a sufficient analysis of the Step 3 question. What is troubling is that the ALJ, in addition to not mentioning [the Listing at issue], did not evaluate any of the evidence on its required criteria that is favorable to Ribaudo.

*Id*. at 583 (citations and internal quotation marks omitted). That is what happened in the administrative law judge's opinion in this case. *Compare Burns v. Astrue*, No. 1:10-CV-42, 2012 WL 966166, at *4 (E.D. Tenn. Mar. 21, 2012) (where administrative law judge did not

---

[2] If the administrative law judge "adopt[ed] Dr. Houston's opinion that Listing 12.05C was not implicated," as the defendant suggests, Motion at 2, he apparently saw no need to say that he did so, or even that he interpreted Dr. Houston's report to express that opinion.

mention Listing 12.05, but did explicitly consider elements involved in determining whether plaintiff met or equaled that Listing, no need for remand).

For the foregoing reasons, the defendant's motion to amend, which in reality is a motion to reverse the recommended decision,[3] is **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may service and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 6th day of May, 2012.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] If accepted, the defendant's position would excuse the administrative law judge's failure to discuss Listing 12.05C on the ground that he adopted, *sub silentio*, Dr. Houston's opinion that Listing 12.05C was not implicated.