UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAULA L. DEXTER,           )<br>                              )<br>     Plaintiff              )<br>                              )<br>v.                            )<br>                              )<br>MICHAEL J. ASTRUE,   )<br>Commissioner of Social Security, )<br>                              )<br>     Defendant            ) | No. 2:11-cv-213-GZS |

### RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES

The plaintiff seeks an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, after her successful appeal from the defendant's denial of her application for Social Security benefits. I recommend that the court deny the application.

The EAJA provides, in relevant part, that a prevailing party should receive a fee-shifting award against the United States unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001). The First Circuit has explained that a fee-shifting award is appropriate unless the United States demonstrates that its position was substantially justified. This boils down to a burden of showing that its position was "justified in substance or in the main," as in justified "to a degree that could satisfy a reasonable person." *Id*.

Many remanded Social Security proceedings present close questions of law and fact, but most are remanded on the basis of reasonableness determinations about the weight of the evidence. A remand based on reasonableness considerations reflects that the commissioner's

1

litigation position was not substantially justified. *Dionne v. Barnhart*, 230 F.Supp.2d 84, 86 (D. Me. 2002). The point at which the case reached this court is the point at which to determine whether the commissioner's position was substantially justified. *Freeman v. Barnhart*, No. 00-120-B, 2003 WL 21210329, at *2 (D. Me. May 21, 2003).

In this case, the plaintiff's argument on the issue of substantial justification is summarized by the plaintiff as follows:

> There was no substantial justification for the Government's original administrative position in this case. That position was that Paula L. Dexter could be denied Social Security disability benefits despite the significant procedural errors committed by the ALJ including a failure to supply good reasons for rejecting the detailed opinions of the Plaintiff's treating source.

EAJA Application for Fees and Expenses (ECF No. 26) at [2].

The defendant argues that his position was substantially justified for four reasons: substantial evidence supported his position that the plaintiff did not meet the criteria of the regulatory Listing for mental retardation; he relied on relevant precedent from this court; the case dealt with a novel issue on which there was no binding precedent; and the court acknowledged that the dispositive issue was "close." Defendant's Response in Objection to Plaintiff's Motion for Attorney's Fees ("Opposition") (ECF No. 27) at 1.

The plaintiff's characterization of the defendant's position is incorrect. The plaintiff's itemized statement of errors, which identified the issues for the court's review of her appeal, did not mention rejection of the opinions of one or more of her treating medical professionals. Plaintiff's Itemized Statement of Errors (ECF No. 10). Thus, the defendant could not have taken the position ascribed to him by the plaintiff. The sole issue raised by the plaintiff in her itemized statement of errors was her assertion that the administrative law judge should have found that she met Listing 12.05C. *Id.* at 6-10.

The first of the defendant's four asserted bases for a finding that his position was substantially justified provides him with the opportunity to argue the merits of this appeal for a third time. *Compare* Motion to Amend Report and Recommended Decision (ECF No. 17), Objection to Report and Recommended Decision (ECF No. 20), *and* Opposition at 3-5. The court's position on the merits has not changed. That includes the observation that "the question is a close one." Report and Recommended Decision (ECF No. 16) at 6.

While I do not necessarily agree with the defendant's comparison of this case with *Bard v. Astrue*. No. 1:10-cv-220-JAW, 2011 WL 2559534 (D. Me. June 27, 2011), Opposition at 5-7, his interpretation is not unreasonable. I agree with the defendant that no binding precedent on the issue presented was located.

Given the closeness of the only issue presented by this appeal, and the fact that the defendant's consistent position does not appear unreasonable under the particular circumstances of this case, I conclude that his position was justified to a degree that could satisfy a reasonable person. *See Kresge v. Astrue*, Civil No. 09-248-B-W, 2010 WL 4137283, at *2 (D. Me. Oct. 19, 2010).

The application for fees and expenses should be **DENIED.**

Dated this 31st day of July, 2012.

    /s/ John H. Rich III
    John H. Rich III
    United States Magistrate Judge